IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Daniel H., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 3:20-cv-50434 |
| v. | ) | |
| | ) | Magistrate Judge Margaret J. Schneider |
| Martin O'Malley, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| *Defendant.* | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Daniel H. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying his application for disability insurance benefits.[1] For the reasons set forth below, the Commissioner's decision is affirmed.

## I. Background

In May 2016, Plaintiff filed an application for disability insurance benefits, alleging a disability beginning on December 15, 2013 because of fibromyalgia, chronic kidney disease, chronic pain, depression, renal insufficiency, obstructive sleep apnea, and limited mobility. R. 370, 407. Plaintiff was 40 years old on his alleged onset date. Plaintiff's date last insured was December 31, 2018. R. 18.

Following a hearing, an administrative law judge issued a decision in June 2018, finding that Plaintiff was not disabled. R. 164–78. The Appeals Council vacated that decision and remanded for further proceedings to evaluate: (1) Plaintiff's claim through his date last insured, which was December 31, 2018, instead of December 31, 2017, as identified in the administrative law judge's decision; and (2) whether Plaintiff's wheelchair is medically required. R. 185.

A new administrative law judge ("the ALJ") held another hearing on remand and issued a decision on February 5, 2020. R. 17–38. The ALJ found that Plaintiff was not disabled from his alleged onset date on December 15, 2013, through his date last insured on December 31, 2018. The ALJ found that Plaintiff had the following severe impairments: chronic pain/fibromyalgia syndrome; migraines; and asthma. The ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with certain restrictions. The ALJ determined that Plaintiff was unable to perform any past relevant work, but that there were other

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 6.

jobs that existed in significant numbers in the national economy that he could perform, namely sedentary, unskilled jobs.

After the Appeals Council denied Plaintiff's request for review on September 11, 2020, R. 1, Plaintiff filed the instant action. Dkt. 1.

## II. Standard of Review

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted); s*ee also Warnell*, 97 F.4th at 1054.

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . . . [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

## III. Discussion

Plaintiff makes the following arguments challenging the ALJ's decision: (1) the ALJ failed to properly weigh the opinions of his primary care physician; and (2) the ALJ failed to evaluate Listing 1.02A and his need for a wheelchair.

### A. Medical Opinions

Plaintiff argues that the ALJ improperly discounted the opinions from his primary care physician, Dr. Stephanie Gorham. Specifically, Plaintiff argues that if the ALJ had properly evaluated the regulatory factors and the medical record when weighing Dr. Gorham's opinions, the ALJ would have afforded Dr. Gorham's opinions "great weight" and found Plaintiff disabled. Pl.'s Mt. at 8, Dkt. 21.

At the outset, this Court notes that Plaintiff relies on the regulations set out in 20 C.F.R. § 416.920c for evaluating medical opinions. *See* Pl.'s Mt. at 7, Dkt. 21. However, the

treating source rule in 20 C.F.R. § 404.1527(c) applies here because Plaintiff filed his application for disability insurance benefits in May 2016.[2]

Under these regulations, a "treating physician's opinion on the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and is consistent with other evidence in the record." *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018) (citing 20 C.F.R. § 404.1527(c)). The regulations give "more weight to the opinions of treating physicians because they are most familiar with the claimant's conditions and circumstances." *Israel v. Colvin*, 840 F.3d 432, 437 (7th Cir. 2016).

If the ALJ determines that the opinion of a treating physician is not entitled to controlling weight, then the ALJ must determine what weight it merits by considering the following factors: the length, nature, and extent of the treatment relationship; the frequency of examination; the physician's specialty; the types of tests performed; and the consistency and supportability of the opinion. *See Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); 20 C.F.R. § 404.1527(c). "If the ALJ discounts the [treating] physician's opinion after considering these factors, we must allow that decision to stand so long as the ALJ minimally articulate[d] his reasons—a very deferential standard that we have, in fact, deemed lax. *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008) (internal quotation marks and citation omitted).

In his reply, Plaintiff acknowledges that the treating source regulations apply, but he does not argue that Dr. Gorham's opinions are entitled to controlling weight. Thus, Plaintiff has forfeited that argument. *See Elder*, 529 F.3d at 415 ("Elder does not argue that Dr. Hanus's opinions should have been afforded controlling weight; she has thus waived the point."). Instead, Plaintiff merely disagrees with the reasons the ALJ provided for discounting Dr. Gorham's opinions and argues that the ALJ should have credited Dr. Gorham's opinions over those of the testifying medical experts, who found that Plaintiff's impairments limited him to sedentary work with additional restrictions.

Dr. Gorham provided two letters addressing Plaintiff's impairments during the relevant period. On October 18, 2016, the date Plaintiff began treating with Dr. Gorham, R. 800, she wrote a letter stating: "[Plaintiff] was seen in our office on 10/18/2016. Due to his chronic pain from fibromyalgia and nephrolithiasis [kidney stones] and medications used to treat this pain, I feel he is unable to return to work at this time." R. 811.

On August 1, 2018, Dr. Gorham wrote a second letter, which stated that Plaintiff has chronic pain that fluctuates in intensity and 16 tender spots to support a diagnosis of fibromyalgia. R. 1002. Medications help, but Plaintiff's pain never resolves. Dr. Gorham also stated that Plaintiff has memory and sleep issues, migraines that are sometimes helped with medication but other times disabling, depression, and diarrhea alternating with constipation.

The ALJ gave Dr. Gorham's opinions "little weight" for several reasons, but largely because they were inconsistent with the opinions of two testifying medical experts and mostly

---

[2] *Compare* 20 C.F.R. § 404.1527 ("For claims filed (see § 404.614) before March 27, 2017, the rules in this section apply.") *with* 20 C.F.R. § 404.1520c ("For claims filed (see § 404.614) on or after March 27, 2017, the rules in this section apply.").

normal physical examinations throughout the relevant time period. R. 34. Plaintiff disagrees with the ALJ's decision to credit the testifying medical experts' opinions over Dr. Gorham's, but this Court finds that the ALJ adequately articulated his reasons for discounting Dr. Gorham's opinions.

First, the ALJ found that at the time Dr. Gorham authored the October 2016 letter, Plaintiff was a new patient. Plaintiff does not dispute that Dr. Gorham authored the October 2016 letter following his first visit with Dr. Gorham. He argues only that this is an insufficient reason to discount Dr. Gorham's opinions because by the time she authored the August 2018 letter, Plaintiff had been treating with Dr. Gorham for nearly two years and the ALJ "never addresses this second letter from Dr. Gorham." Pl.'s Mt. at 8, Dkt. 21. Yet, the ALJ specifically addressed Dr. Gorham's August 2018 letter in his decision along with Dr. Gorham's treatment notes between October 2016 and November 2018. *See* R. 29–31, 34. Moreover, the ALJ only cited the lack of an established treating relationship in reference to Dr. Gorham's October 2016 letter, not the August 2018 letter as Plaintiff seems to indicate. R. 34.

Next, the ALJ found that a conclusion that Plaintiff is disabled is a determination reserved to the Commissioner, and Dr. Gorham failed to give a function-by-function assessment of Plaintiff's abilities. Again, Plaintiff does not dispute the accuracy of the ALJ's statements or that these are sufficient reasons to discount a medical opinion. Dr. Gorham's conclusion that Plaintiff was disabled is not a medical opinion because the regulations state that it is an issue reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d) ("Opinions on some issues, [including a medical source statement that you are "disabled" or "unable to work"], are not medical opinions, as described in paragraph (a)(1) of this section, but are, instead, opinions on issues reserved to the Commissioner.").

Additionally, Dr. Gorham did not provide a functional assessment of Plaintiff's abilities in her August 2018 letter. Dr. Gorham generally recounts Plaintiff's diagnosis and describes his symptoms, rather than offer any limitation in work activity caused by Plaintiff's impairments. Under the regulations, a medical opinion on physical functioning must include "one or more impairment-related limitations or restrictions in the ... [claimant's] ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching)." 20 C.F.R. § 404.1513(a)(2)(i). Moreover, the ALJ appropriately considered that Dr. Gorham failed to cite any supporting clinical findings other than those establishing fibromyalgia. This is important because "[i]t is not enough to show that [the plaintiff] had received a diagnosis of fibromyalgia with a date of onset prior to the expiration of the insured period, since fibromyalgia is not always (indeed, not usually) disabling.". *Estok v. Apfel*, 152 F.3d 636, 640 (7th Cir. 1998); *see also Thompson v. Colvin*, 575 F. App'x 668, 677 (7th Cir. 2014) (unpublished) (noting that a fibromyalgia diagnosis does not automatically indicate a disabling condition). Although the ALJ accepted Dr. Gorham's diagnosis of fibromyalgia, she was not required to accept Dr. Gorham's conclusion that Plaintiff's symptoms rendered him disabled without support.

Lastly, the ALJ found that Dr. Gorham's opinions were inconsistent with the medical record as a whole and the opinions of two testifying medical experts, Drs. Stephen Kaplan and Ashok Jilhewar, who opined that Plaintiff could perform sedentary work with additional

restrictions. Plaintiff takes issue with the ALJ's evaluation of the record, arguing that the ALJ improperly focused on the lack of Plaintiff's physical abnormalities when discounting Dr. Gorham's opinion. As Plaintiff points out, Dr. Kaplan testified that it is not unusual for someone with chronic pain syndrome and fibromyalgia to have normal physical examinations. R. 50. But Dr. Kaplan also testified that based on his review of the record, including Plaintiff's consistent complaints of widespread pain, Plaintiff was still capable of performing sedentary work. R. 62. Dr. Jilhewar similarly limited Plaintiff to sedentary work with additional postural limitations to account for Plaintiff's complaints of pain. R. 128–29. The ALJ gave these opinions great weight, and Plaintiff does not challenge this determination.[3] The ALJ's decision to credit Drs. Kaplan and Jilhewar's opinions over Dr. Gorham's was within the ALJ's discretion and supported by substantial evidence.

Although the ALJ afforded little weight to Dr. Gorham's opinions, this is not a case where the ALJ failed to address the severity of Plaintiff's fibromyalgia or pain. The ALJ provided a thorough discussion of Plaintiff's fibromyalgia treatment, symptoms, and complaints of debilitating pain. This included Plaintiff's complaints of muscle cramps, tenderness, fatigue, numbness and tingling in his hands and feet, and widespread pain. Despite Plaintiff's complaints, his physical examinations showed primarily normal muscle strength, normal gait, no sensory deficits or weakness, limited swelling, and no consistent findings of tender spots. *See, e.g.*, R. 621, 793, 840, 990. Even though Plaintiff reported mixed results with medications and physical therapy, both helped reduced his pain and increase his functioning. The ALJ was entitled to consider these medical findings and reasonably determined that they were inconsistent with Plaintiff's reports of debilitating pain. *See Gebauer v. Saul*, 801 Fed. App'x 404, 410 (7th Cir. 2020) (unpublished) ("[T]he Social Security Administration's guidance on how to evaluate pain (fibromyalgia's chief symptom) directs ALJs to consider the very symptoms that the ALJ considered here. *See* 20 C.F.R. § 404.1529(c)(2) ("[E]vidence of reduced joint motion, muscle spasm, sensory deficit or motor disruption ... is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms.")).

Plaintiff essentially asks this Court to reweigh the medical evidence and reach a different result, which it cannot do. *See Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021) ("Even if reasonable minds could differ on the weight the ALJ gave to the medical evidence, we will not substitute our judgment for that of the ALJ's by reweighing the evidence."). The ALJ has minimally articulated sufficient reasons, supported by substantial evidence, for discounting Dr. Gorham's opinions.

## B. Listing

Plaintiff also argues that the ALJ failed to evaluate whether his impairments met Listing 1.02A and whether he needed a wheelchair. Yet, Plaintiff makes no effort to identify the criteria of Listing 1.02A or argue that his impairments met or medically equaled these criteria. The Commissioner points this out in response, but Plaintiff makes no attempt to respond in his reply. Instead, Plaintiff abandons the argument, focusing only on the ALJ's failure to fully analyze whether he would need to use a wheelchair. Therefore, the Court deems Plaintiff's listing argument

---

[3] In his reply, Plaintiff makes the cursory argument that Dr. Kaplan did not "fully commit to the conclusion that plaintiff could perform sedentary work." Pl.'s Reply at 1, Dkt. 27. However, Dr. Kaplan was clear when he testified that Plaintiff would be limited to sedentary work. R. 62.

forfeited. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("[Plaintiffs'] failure to respond to [Defendant's] arguments leads us also to conclude that they have waived [that] argument.").

Even without forfeiture, Plaintiff's argument that his impairments met or equaled Listing 1.02A does not provide a basis for remand. As the Commissioner points out, Plaintiff bears the burden of proving his impairments satisfy all the various criteria of Listing 1.02A. *See Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006). Plaintiff has not met that burden here.

Listing 1.02A for major dysfunction of a joint involves "at least one major peripheral weight-bearing joint (hips, knees, ankle) and the claimant must prove a 'gross anatomical deformity' (e.g., subluxation, contracture, bony or fibrous ankylosis, instability), and an inability to ambulate effectively." *Victoria R. v. Kijakazi*, No. 20-CV-04444, 2022 WL 3543231, at *8 (N.D. Ill. Aug. 18, 2022) (citing 20 C.F.R. Pt. 404, Subpt. P, App.1 § 1.02). Plaintiff has not identified evidence of a gross anatomical deformity. And no medical source has opined that Plaintiff's impairments medically equal this requirement. The state agency physicians specifically evaluated Listing 1.02 but opined that Plaintiff's impairments did not meet or medically equal a listing. R. 144, 155. Additionally, Drs. Kaplan and Jilhewar testified that Plaintiff's impairments did not meet or equal any listing. R. 60–61, 127–28.

Even if Plaintiff's impairments could meet or equal the requirements for a gross anatomical deformity, the record does not support a finding that he is unable to ambulate effectively. The inability to ambulate effectively "is defined generally as having insufficient lower extremity functioning ... to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." *Victoria R.*, 2022 WL 3543231, at *9. Although Dr. Gorham prescribed Plaintiff an ultralight wheelchair on June 27, 2017, citing Plaintiff's fibromyalgia and chronic pain diagnosis, R. 828, the ALJ afforded this determination "little weight" because it was unsupported and inconsistent with the evidence in the record, which showed improvement in Plaintiff's walking by 2018 with numerous indications of a normal gait, largely no weakness or loss of function, and Plaintiff's activities such as caregiving and driving. R. 33–35. Moreover, Drs. Kaplan and Jilhewar testified that in their review of the medical record they found no medical support for Plaintiff's need for an assistive device like a cane or a wheelchair. R. 60, 128. Although Plaintiff points to references in the record where Plaintiff was using an assistive device, largely relying on a consultative examination after his date last insured that showed he used an assistive device to walk, Plaintiff does not point to any evidence that the ALJ failed to address. As such, Plaintiff has failed to show that the ALJ's listing analysis requires a remand.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is denied, and the Commissioner's motion for summary judgment is granted. The Commissioner's decision is affirmed.

Date: September 30, 2024            By:    *Margaret J. Schneider*
                                 Margaret J. Schneider
                                 United States Magistrate Judge